

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00100-CR

MICHAEL ANTHONY AUSTIN                            APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Anthony Austin appeals the judgment rendered against him after he pled guilty without a plea-bargain agreement to assault. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion this appeal is frivolous and

---

[1]*See* Tex. R. App. P. 47.4.

without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. This court provided Appellant the opportunity to file a pro se brief, and his counsel also advised him of his right to file a brief, but he did not do so. The State also did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).

PER CURIAM

PANEL:  GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 3, 2013